UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAVID KEITH DESILVA,

    Plaintiff,

v.

PAUL LORE,

    Defendant.

3:12-cv-0318-LRH-WGC

ORDER

Before the court is defendant Paul Lore's ("Lore") motion to dismiss. Doc. #5.[1] Pro se plaintiff David Keith DeSilva ("DeSilva") filed an opposition (Doc. #9) to which Lore replied (Doc. #10).

## I.     Facts and Background

Plaintiff DeSilva initiated the underlying action for a civil rights violation and for injunctive relief against defendant Lore in state court alleging that Lore attacked him at the Reno Veteran's Administration medical facility. In response, Lore removed this action to federal court and filed the present motion to dismiss arguing that this court lacks jurisdiction over this action pursuant to the derivative jurisdiction doctrine. Doc. #5.

///

///

---

[1] Refers to the court's docketing number.

## II. Discussion

Under to the derivative jurisdiction doctrine, when an action is removed from state court by an agency of the United States pursuant to Section 1442(a)(1),[2] the jurisdiction of the district court upon removal is derivative of the state court's jurisdiction. *In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997). Thus, if the state court did not have independent jurisdiction over the action, a district court does not have jurisdiction over the action even if there would be an independent basis to exercise federal jurisdiction. *Id*. ("[B]ecause we conclude that the state court lacked jurisdiction to issue the subpoena, we must dismiss the case on that ground.").

Here, the state court lacked jurisdiction over DeSilva's complaint. At the time of the alleged incident, it is undisputed that Lore was acting as an agent for the United States. An agent of the United States enjoys sovereign immunity from suits in state court. *See Aminoil USA, Inc. v. Cal. State, etc.*, 674 F.2d 1227, 1233 (9th Cir. 1982). Thus, the state court had no jurisdiction to entertain the suit against Lore. Therefore, Lore argues that the court should dismiss the present action for lack of jurisdiction pursuant to the derivative jurisdiction doctrine because the state court lacked jurisdiction over DeSilva's complaint. *See* Doc. #5.

Although Lore is correct that there is no derivative jurisdiction in this action, the court finds that dismissal would be a waste of judicial time and resources because this action is now before a court that can hear the merits of the complaint. *See Shulthess*, 694 F.2d at 178. Further, the court finds that dismissal of this action pursuant to the derivative jurisdiction doctrine would not have preclusive effect over DeSilva's ability to re-file his claim in this court. Therefore, in light of the circumstances surrounding this matter, the court shall deny Lore's motion to dismiss.

///

///

---

[2] Section 1442(a)(1) of Title 28 of the United States Code provides that any civil action commenced in state court against an agency of the United States may be removed to federal court in the district where the action is pending. 28 U.S.C. § 1442(a)(1).

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #5) is DENIED.

IT IS FURTHER ORDERED that plaintiff shall have fifteen (15) days from entry of this order to file an amended complaint that clearly identifies and sets out specific causes of action.

IT IS SO ORDERED.

DATED this 29th day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE