UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAVID KEITH DESILVA,

        Plaintiff,

v.

PAUL LORE,

        Defendant.

3:12-cv-0318-LRH-WGC

ORDER

        Before the court is plaintiff David Keith DeSilva's ("DeSilva") motion for reconsideration of the court's order dismissing this action without prejudice (Doc. #13[1]). Doc. #14.

**I.    Facts and Background**

        Plaintiff DeSilva initiated the underlying civil rights action against defendant Paul Lore ("Lore") in state court alleging that Lore attacked him at the Reno Veteran's Administration medical facility. In response, Lore removed this action to federal court and filed a motion to dismiss arguing that the court lacked jurisdiction over this action pursuant to the derivative jurisdiction doctrine. *See* Doc. #5.

        On October 30, 2012, the court denied the motion to dismiss finding that "dismissal would be a waste of judicial time and resources because this action is now before a court that can hear the merits of the complaint." Doc. #11. However, the court also found that the complaint was wholly

---

[1] Refers to the court's docket number.

insufficient as DeSilva failed to identify any claim for relief or cause of action. *Id*. Therefore, the court granted DeSilva fifteen (15) days to file an amended complaint "that clearly identifies and sets out specific causes of action." *Id*.

DeSilva failed to file an amended complaint or otherwise comply with the court's order. On November 19, 2012, after the fifteen-day deadline to file an amended complaint had passed, defendant Lore filed a notice of failure to file amended complaint. Doc. #12. Plaintiff DeSilva did not respond to this notice or request an extension of time to file an amended complaint from the court.

Subsequently, on December 18, 2012, the court issued an order dismissing this action without prejudice for DeSilva's failure to "file an amended complaint or otherwise comply with the court's October 30, 2012 order." Doc. #13. Thereafter, on March 4, 2013, nearly three months after this action was dismissed, DeSilva filed the present motion for reconsideration. Doc. #14.

**II.     Discussion**

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). A district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, DeSilva argues that the court should reconsider the order of dismissal because he was tending to the care and relief of his now-deceased wife. *See* Doc. #14. The court is not without compassion for DeSilva's difficulties during the last several months. However, the court notes that at no time did DeSilva (1) file a notice with the court explaining his circumstances; (2) request an extension of time to comply with the court's order; (3) or otherwise participate in this litigation. Further, this action has been closed for over five (5) months and the court finds that it would be

1 | inappropriate to re-open this action under these circumstances. Therefore, the court shall deny
2 | DeSilva's motion for reconsideration.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #14) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE